E-filing

ORIGINAL
FILED

SEP 2 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  PHILIP M. MILLER (SBN 87877)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorney for Plaintiffs

7

8                 IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         (OAKLAND DIVISION)
10

11 CALIFORNIA SERVICE EMPLOYEES          Case No.:
   HEALTH & WELFARE TRUST FUND,          C07 - 04945
12 MIKE GARCIA, Trustee, CHARLES
   GILCHRIST, Trustee, RAYMOND C. NANN,
13 Trustee, LARRY T. SMITH, Trustee,

14      Plaintiffs,                       COMPLAINT

15 vs.

16 A & B MAINTENANCE, INC., a California
   corporation,
17
        Defendant.
18

ADR

TEH

19

20

21                        **PARTIES**

22      1.      Plaintiff California Service Employees Health & Welfare Trust Fund ("the Trust")

23 is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of

24 the Labor Management Relations Act ("LMRA") (29 U.S.C. § 186(c)). The Trust maintains its

25 principal office and is administered in Alameda, California. Its purpose is to provide health and

26 welfare and related benefits to the eligible employees of employers who contribute to the Trust

27 pursuant to various consecutive collective bargaining agreements ("Bargaining Agreement")

28 between local unions affiliated with the Service Employees International Union ("SEIU").

                                   1

1  Plaintiffs Mike Garcia, Charles Gilchrist, Raymond C. Nann and Larry T. Smith are Trustees of

2  the Trust.

3      2.      Defendant A & B Maintenance, Inc., a California corporation, ("Defendant") is a

4  janitorial and maintenance services business registered to do business in the State of California

5  with its last known principal place of business located in the city of Gardena, California.

6  Defendant is principally engaged in the business of providing building cleaning and maintenance

7  services to markets and grocery stores in the retail food industry.  The business of Defendant

8  affects commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

9                              **JURISDICTION**

10     3.      Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue

11  of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiffs seek to enforce the provisions of

12  ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek

13  equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

14     4.      Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the

15  Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiffs seek to

16  enforce the terms and conditions of the Bargaining Agreement between the employer and a labor

17  organization.

18                              **VENUE**

19     5.      Venue exists in this Court with respect to the claims under ERISA Section 502, 29

20  U.S.C. § 1132, because the Trust conducts its business and may be found in this district, and the

21  breaches under ERISA occurred in this district.

22                      **INTRADISTRICT ASSIGNMENT**

23     6.      The basis for assignment of this action to this Court's Oakland Division is that all

24  of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda,

25  where the Trust is administered, and where Defendant therefore failed to fulfill its statutory and

26  contractual obligations to the Trust.

27  ///

28  ///

P:\CLIENTS\CSEBT\Cases\A&B Maintenance\PLEADINGS\AB COMPLAINT 092107.DOC          Case No.: _____

                                                                                  **COMPLAINT**

**APPLICABLE LAW**

7.    Section 515 of ERISA [29 U.S.C. § 1145] requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreement.

8.    ERISA Section 502(g)(2) [29 U.S.C. § 1132(g)(2)] provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

 (A) the unpaid contributions,

 (B) interest on the unpaid contributions,

 (C) an amount equal to the greater of:

  (i) interest on the unpaid contributions, or

  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

 (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

 (E) such other legal or equitable relief as the court deems appropriate.

9.    ERISA Section 502(a)(3) [29 U.S.C. § 1132(a)(3)] authorizes a civil action by the Trustees as ERISA fiduciaries:

 (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or

 (B) to obtain other appropriate equitable relief

  (i) to redress such violations, or

  (ii) to enforce any provision of this title or the terms of the plan.

10.    ERISA §209 [29 USC §1059], Recordkeeping and reporting requirements, provides as follows:

COMPLAINT
Case No.: _____

1    (a)(1)  Except as provided by paragraph (2) every employer shall, in accordance

2    with regulations prescribed by the Secretary, maintain records with respect to each

3    of his employees sufficient to determine the benefits due or which may become due

4    to such employees. The plan administrator shall make a report, in such manner and

5    at such time as may be provided in regulations prescribed by the Secretary, to each

6    employee who is a participant under the plan and who —

7        (A)  requests such report, in such manner and at such time as may be

8        provided in such regulations,

9        (B)  terminates his service with the employer, or

10       (C)  has a 1-year break in service (as defined in section 203(b)(3)(A) [29

11       USC §1053(b)(3)(A)]).

12   The employer shall furnish to the plan administrator the information necessary for

13   the administrator to make the reports required by the preceding sentence. Not more

14   than one report shall be required under subparagraph (A) in any 12-month period.

15   Not more than one report shall be required under subparagraph (C) with respect to

16   consecutive 1-year breaks in service. The report required under this paragraph shall

17   be sufficient to inform the employee of his accrued benefits under the plan and the

18   percentage of such benefits which are nonforfeitable under the plan.

19   (2)  If more than one employer adopts a plan, each such employer shall, in

20   accordance with regulations prescribed by the Secretary, furnish to the plan

21   administrator the information necessary for the administrator to maintain the

22   records and make the reports required by paragraph (1). Such administrator shall

23   maintain the records and, to the extent provided under regulations prescribed by the

24   Secretary, make the reports, required by paragraph (1).

25       11.    The Trustees have a right under ERISA to conduct an audit of a contributing

26   employer's relevant books and records under the terms of the Trust Agreement. *Central States,*

27   *Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g*

28   *denied* 473 U.S. 926.

COMPLAINT

Case No.: _____

# FACTS

1  12.    At all times relevant to this action, Defendant was a party to and bound by

2  Bargaining Agreement covering Defendant's employees.  The Bargaining Agreement requires that

3  Defendant contribute to the Trust at specified rates per month for each of its employees covered by

4  the Bargaining Agreement.

5  13.    As an employer participating in the Trust, Defendant is bound by the Agreement

6  and Declaration of Trust ("Trust Agreement") establishing the Trust, the terms of the Trust's Plan

7  Documents, and the rules, regulations and policies adopted by the Trustees under the authority of

8  the Trust Agreement.

9  14.    Defendant's contractual duty under the Bargaining Agreement requires it to timely

10  make payment in full of the required contributions to the Trust according to its terms or the terms

11  of the Bargaining Agreement, under ERISA Section 515, 29 U.S.C. § 1145.

12  15.    At all times relevant to this action, Article IV, Sections 4 and 5 of the Trust

13  Agreement and the "Revised Rule Concerning Assessment of Liquidated Damages in the Event of

14  Delinquent Contributions," effective starting with November 2004 hours worked, contributing

15  employers were required to submit monthly remittance reports of all covered hours of service by

16  persons covered by the Bargaining Agreement along with contributions owed, to the Trust's

17  principal place of business on or before the 10th day of each month following the month in which

18  the covered work was performed.

19  16.    At all times relevant to this action, under Article IV, Sections 5 and 6(a) of the

20  Trust Agreement and the "Revised Rule Concerning Assessment of Liquidated Damages in the

21  Event of Delinquent Contributions," contributions received by the Trust after the 20th day of the

22  month following the month in which the covered work was performed were deemed delinquent.

23  17.    At all times relevant to this action, in accordance with ERISA Section

24  502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), Article IV, Section 6(c) of the Trust Agreement

25  provided that prior to the filing of a lawsuit, delinquent contributions shall accrue interest at the

26  rate of ten percent (10%) simple interest per annum until paid or until a lawsuit is filed.

P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\AB COMPLAINT 092107.DOC

COMPLAINT

Case No.: _____

1    18.    At all times relevant to this action, in accordance with ERISA Section

2  502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), Article IV, Section 6(c) of the Trust Agreement

3  provided that after the filing of a lawsuit, unpaid contributions shall accrue interest at the

4  underpayment rate of the Internal Revenue Service Code Section 6621 from the date due until

5  paid.

6    19.    At all times relevant to this action, effective starting with November 2004 hours

7  worked, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Article IV,

8  Section 6(b) of the Trust Agreement and the "Revised Rule Concerning Assessment of Liquidated

9  Damages in the Event of Delinquent Contributions" provided that if the payment of contributions

10  and the contributions report form were not postmarked by the 20th of the month but are received

11  by the 25th of the month, prior to the filing of a lawsuit, the employer shall be obligated to pay

12  liquidated damages in the amount of $200, and if the payment of contributions and the

13  contributions report form were not received by the 25th day of the month, the employer shall be

14  obligated to pay an amount equal to the greater of: (a) 5% of the delinquent contributions or (b)

15  $200.

16    20.    At all times relevant to this action, effective starting with November 2004 hours

17  worked, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Article IV,

18  Section 6(b) of the Trust Agreement and the "Revised Rule Concerning Assessment of Liquidated

19  Damages in the Event of Delinquent Contributions" provided that after the filing of a lawsuit, the

20  employer shall be obligated to pay an amount equal to the greater of: (1) 20% of the amount of the

21  delinquent contributions, or (2) interest on the delinquent contributions as calculated under Article

22  IV, Section 6(c) of the Trust Agreement (*see supra* paragraphs 17 and 18).

23    21.    At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D)

24  and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), Article IV, Section 8 of the Trust Agreement

25  provided that in the event of a lawsuit, in addition to the delinquent contributions, interest and

26  liquidated damages due to the Trust, the delinquent contributing employer shall pay to the Trust

27  all attorneys' fees incurred in the litigation and any audit fees incurred in the audit and in

28  connection with the litigation.

COMPLAINT

Case No.: _____

1    18.    At all times relevant to this action, in accordance with ERISA Section

2    502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), Article IV, Section 6(c) of the Trust Agreement

3    provided that after the filing of a lawsuit, unpaid contributions shall accrue interest at the

4    underpayment rate of the Internal Revenue Service Code Section 6621 from the date due until

5    paid.

6    19.    At all times relevant to this action, effective starting with November 2004 hours

7    worked, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Article IV,

8    Section 6(b) of the Trust Agreement and the "Revised Rule Concerning Assessment of Liquidated

9    Damages in the Event of Delinquent Contributions" provided that if the payment of contributions

10   and the contributions report form were not postmarked by the 20th of the month but are received

11   by the 25th of the month, prior to the filing of a lawsuit, the employer shall be obligated to pay

12   liquidated damages in the amount of $200, and if the payment of contributions and the

13   contributions report form were not received by the 25th day of the month, the employer shall be

14   obligated to pay an amount equal to the greater of: (a) 5% of the delinquent contributions or (b)

15   $200

16   20.    At all times relevant to this action, effective starting with November 2004 hours

17   worked, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Article IV,

18   Section 6(b) of the Trust Agreement and the "Revised Rule Concerning Assessment of Liquidated

19   Damages in the Event of Delinquent Contributions" provided that after the filing of a lawsuit, the

20   employer shall be obligated to pay an amount equal to the greater of: (1) 20% of the amount of the

21   delinquent contributions, or (2) interest on the delinquent contributions as calculated under Article

22   IV, Section 6(c) of the Trust Agreement (*see supra* paragraphs 17 and 18).

23   21.    At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D)

24   and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), Article IV, Section 8 of the Trust Agreement

25   provided that in the event of a lawsuit, in addition to the delinquent contributions, interest and

26   liquidated damages due to the Trust, the delinquent contributing employer shall pay to the Trust

27   all attorneys' fees incurred in the litigation and any audit fees incurred in the audit and in

28   connection with the litigation.

22. At all times relevant to this action, Article IV, Section 7, of the Trust Agreement authorized the Trust to examine and copy such records of Defendant as may be necessary to determine whether Defendant has made full and prompt payment of all sums due to the Trust.

23. During the period of October 2005 to the present Defendant failed to pay certain contributions due for hours worked by its covered employees that remain due and owing the Trust. Defendant is therefore in breach of the Bargaining Agreement between the Trust and Defendant in effect during the above period and thereby breached the terms of the Trust Agreement to which Defendant is bound, and is, therefore, liable to the Trust for payment of delinquent contributions, liquidated damages, interest, reasonable attorney's fees and costs.

24. During the period of July 2006 through April 2007 Defendant failed to timely pay the Trust for contributions due for hours worked by its covered employees. Defendant, therefore, breached of the Bargaining Agreement between the Trust and Defendant in effect during the above period and thereby breached the terms of the Trust Agreement to which Defendant is bound, and is, therefore, liable to the Trust for payment of liquidated damages and interest accrued on the late paid contributions, calculated from the date the contributions became due until the date they were received by the Trust office, reasonable attorney's fees and costs.

25. During the period April 28, 2006 to the present, numerous itemized demands have been made upon Defendant for payment of the above-described delinquent contributions, liquidated damages and interest.

26. Despite the numerous demands, Defendant has refused and continues to refuse to pay the amounts owed.

27. Defendant claims that during at least some of the periods at issue in this action it did not employ any employees who performed work covered by the Bargaining Agreement.

### FIRST CAUSE OF ACTION
**An Order Requiring Defendant To Permit An Examination
Of Its Business Records Maintained Under ERISA § 209**

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 27 above as though they were fully set forth herein.

1    29.    Defendant claims that during at least some of the periods at issue in this action it

2  did not employ any employee who performed work covered by the Bargaining Agreement.

3    30.    Defendant as a party to the Bargaining Agreement agreed to be bound by the terms

4  thereof and by the Terms of the Trust Agreement and Plan documents.

5    31.    Under ERISA §209 [29 USC §1059] Defendant is obligated to maintain adequate

6  records with respect to each of its employees sufficient to determine the benefits due or which may

7  become due to such employees.

8    32.    As an employer participating in the Trust, Defendant is bound by the Agreement

9  and Declaration of Trust ("Trust Agreement") establishing the Trust, the terms of the Trust's Plan

10  Documents, and the rules, regulations and policies adopted by the Trustees under the authority of

11  the Trust Agreement.

12    33.    At all times relevant to this action, Article IV, Section 7, of the Trust Agreement

13  authorizes the Trustees to conduct an examination of Defendant's business records as may be

14  necessary to determine whether Defendant has made full and prompt payment of all sums due to

15  the Trust and the Trustees hereby assert such right to conduct an audit. *Central States, Southeast*

16  *and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied*

17  473 U.S. 926.

18    **SECOND CAUSE OF ACTION**
     **Payment of Delinquent Contributions Under ERISA Sections 502(g)(2) and 515**

19

20    34.    Plaintiffs re-allege and incorporate by reference paragraphs 1 – 33 above as though

     they were fully set forth herein.

21

22    35.    Defendant as a party to the Bargaining Agreement agreed to be bound by the terms

     thereof and by the Terms of the Trust Agreement and Plan documents.

23

24    36.    Defendant violated ERISA Section 515, 29 U.S.C. § 1145, by failing to timely

     make contributions to the Trust in accordance with its obligation to do so under the terms of the

25

26  Bargaining Agreement entered into between the Trust and Defendant and the terms of the Trust

     Agreement.

27

28

8

COMPLAINT
Case No.: _____

1    37.    Under ERISA Section 502(g)(2)(A) – (E), 29 U.S.C. § 1132(g)(2) (A) – (E),

2    Defendant is liable for payment of delinquent contributions due and owing the Trust pursuant to

3    the employer contribution reports submitted by Defendant to the Trust and to be determined by the

4    results of the audit demanded in the First Cause of Action set forth above, as well as for interest,

5    liquidated damages, attorneys' fees, costs and accountants' fees.

6                    **THIRD CAUSE OF ACTION**
                **Injunction Under ERISA Section 502(a)(3)**

7    38.    Plaintiffs re-allege and incorporate by reference paragraphs 1 – 37 above as though

8    they were fully set forth herein.

9    39.    Plaintiffs are without adequate remedy at law and the Bargained Plans will suffer

10   continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to

11   perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§

12   1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing

13   documents of the Plans referred to therein; and is restrained from continuing to refuse to perform

14   as required thereunder; and to pay all contributions, interest, liquidated damages, costs, attorneys'

15   fees and accountants' fees determined to be due the Trust.

16                        **PRAYER FOR RELIEF**

17   WHEREFORE, Plaintiffs pray as follows:

18   1.    For an order requiring Defendant to promptly permit an examination of its business

19   records by an accounting firm engaged by Plaintiffs to determine all contributions due to the

20   Trust;

21   2.    For judgment against Defendant, in favor of the Bargained Plans, in an amount

22   equal to:

23        (a)    Under ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the

24   Bargaining Agreement, an award of unpaid contributions due the Trust, according to proof, for

25   hours worked by its covered employees during the period October 2005 to the present;

26        (b)    Under ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), an award

27   of , interest on unpaid contributions during the period October 2005 to the present at the rates set

28

                                        9

1  in accordance with the Bargaining Agreement, the governing documents of the Bargained Plans,

2  and with respect to the ERISA Plaintiffs.

3      (c)    Under ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), an award

4  of liquidated damages on unpaid contributions during the period October 2005 to the present in an

5  amount equal to the greater of:

6      (i)    Interest on the unpaid contributions, or

7      (ii)    Liquidated damages provided for under the Bargaining Agreement

8      on the aforementioned unpaid and late paid contributions in

9      accordance with the Bargaining Agreement, the governing

10      documents of the Bargained Plans and with respect to the ERISA

11      Plaintiffs.

12      (d)    Interest on contributions paid late to the Trust during the period July 2006

13  through April 2007 at the rates set in accordance with the Bargaining Agreement and the

14  governing documents of the Bargained Plans.

15      (e)    Liquidated damages on contributions paid late to the Trust during the period

16  July 2006 through April 2007 at the rates set in accordance with the Bargaining Agreement and

17  the governing documents of the Bargained Plans.

18      (f)    Plaintiffs' reasonable attorneys' fees and costs of this action in accordance

19  with ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), and in accordance with LMRA

20  Section 301, 29 U.S.C. § 185, and; reasonable attorney's fees and costs in accordance with Article

21  IV, Section 8 of the Trust Agreement.

22      (g)    Plaintiffs' reasonable audit fees under ERISA Section 502(g)(2)(E), 29

23  U.S.C. § 1132(g)(2)(E), and under Article IV, Section 8 of the Trust Agreement.

24      3.    For a preliminary and permanent injunction under ERISA Section 502(a)(3), 29

25  U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), against

26  Defendant from: (1) any further violation of the terms of the Bargaining Agreement and the

27  governing documents referred to therein, (2) disposing of any assets until said terms have been

28

P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\AB COMPLAINT 092107.DOC

1  complied with and (3) continuation of operation of Defendant's business until said terms have

2  been complied with.

3      4.     For such other and further relief as the Court may deem just and proper.

4  Date:  September 24, 2007                SALTZMAN & JOHNSON LAW CORPORATION
                                            Philip M. Miller
5                                           Kristen McCulloch

6

7                                           By: _____
8                                               Philip M. Miller,
                                                Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\AB COMPLAINT 092107.DOC

Case No.: _____

COMPLAINT