PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>A & B MAINTENANCE, INC., a California corporation,<br><br>Defendant. | Case No.: C 07-04945 TEH<br><br>**NOTICE OF MOTION AND MOTION FOR A PARTIAL JUDGMENT BY DEFAULT REQUIRING AN AUDIT AND OTHER EQUITABLE RELIEF;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** January 7, 2008<br>**Time:** 10:00 a.m.<br>**Judge:** Hon. Thelton E. Henderson<br>Courtroom 12, 19th Floor |

TO:   A & B MAINTENANCE, INC.:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), the court shall conduct a hearing on a Motion for a Partial Judgment by Default in this matter by Plaintiffs California Service Employees Health & Welfare Trust Fund and its trustees ("Trust"). The hearing shall be conducted on January 7, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Thelton W. Henderson, in Courtroom 12, 19th Floor, of the Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California.

## I. STATEMENT OF RELIEF SOUGHT.

Plaintiff Trust moves for partial judgment by default (1) requiring Defendant A & B Maintenance, Inc. ("A & B") to permit an audit of its records within thirty (30) days of the date of order; (2) enjoining A & B's further breaches of its obligation to report to the Trust the identity of its employees who are eligible for health coverage and to make required contributions necessary to allow those employees to receive health care coverage under ERISA, under the applicable collective bargaining agreements ("CBAs") and the Trust Agreement; and (3) enjoining the transfer of assets of A & B to its owners, other than ordinary salary payments, during the pendency of this action.

## II. PLAINTIFF TRUST IS ENTITLED TO A PARTIAL JUDGMENT BY DEFAULT

### A. FACTUAL BASIS FOR ENTRY OF DEFAULT

This action was filed on September 24, 2007. Personal service on A & B was completed on October 1, 2007. A Proof of Service was filed with the Court on October 16, 2007. Defendant has failed to plead or otherwise defend or appear, and pursuant to Plaintiffs' Request for Entry of Default and Declaration of Philip M. Miller, filed with the Court on October 23, 2007, the Clerk entered the default of the Defendant on October 26, 2007.

### B. PARTIAL JUDGMENT BY DEFAULT IS APPROPRIATE

ERISA Section 515 (29 U.S.C. § 1145) states:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

The Complaint in this action states a claim by a multiemployer employee benefit plan to the violation by Defendant of the terms of the plan and of ERISA Section 515. The Court has jurisdiction under ERISA Section 502(e), 29 U.S.C. Section 1132(e).

- 2 -   NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT BY DEFAULT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT   Case No.: C 07-04945 THE

Clients/CSEHT/Cases/ABMAI/Pleadings/Notice Motion Default Judgment.doc

Under Rule 55 of the Federal Rules of Civil Procedure, the entry of judgment by default is appropriate. Defendant A & B was properly served with the Summons and Complaint in this action. Defendant also was properly served with Plaintiffs' Request to Enter Default and this Notice of Motion and Motion for Partial Judgment by Default, and has made no appearance in this matter. The Defendant is not an infant or an incompetent person. Accordingly, the grant of a partial judgment by default is appropriate.

### C. THE COURT SHOULD GRANT A PARTIAL JUDGMENT BY DEFAULT REQUIRING DEFENDANT TO PERMIT AN EXAMINATION OF ITS BUSINESS RECORDS MAINTAINED UNDER ERISA § 209, 29 U.S.C. § 1059

ERISA § 209, 29 U.S.C. § 1059, provides that:

> "….every employer shall ….[m]aintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."

Trustees, acting on behalf of a benefit plan, have the "responsibility for assuring full and prompt collection of contributions owed to the plan." *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 573, 105 S. Ct. 2833, 2842 (1985). The trustees' duties include the authority to audit an employer's contribution history. 472 U.S. at 573, 105 S.Ct. at 2841.

Defendant A & B agreed to contribute to the Trust on behalf of certain of its employees and agreed to be bound by the Declaration of Adolfo Gamez, Exhibit A at 26, Exhibit C at 32. Article IV, Section 7, of the Trust Agreement (Revised effective January 1, 2006) authorizes the Trustees to conduct an examination of Defendant's business records as may be necessary to determine whether Defendant has made full and prompt payment of all sums due to the Trust, and the Trustees hereby assert such right to conduct an audit. (See Exhibit A to the Declaration of Philip M. Miller filed herewith, at pages 12 and 13, and Exhibit C). Where an employer required to

contribute to a multiemployer benefit plan repeatedly fails to submit required report forms showing employees eligible for health care, an order is appropriate directing the employer to submit to an audit. *See Bay Area Painters and Tapers v. Brown,* 2007 WL 1302982 (N.D.Cal. 2007) (finding injunctive relief, including audit, appropriate in an ERISA action under § 502 where "plaintiffs merely seek an injunction to compel defendant to comply with an agreement by which he was already bound."); *National Elevator Industry Welfare Fund v. Viola Industries,* 684 F.Supp. 1565 (D.C. Kan. 1987). Legal remedies are inadequate because the Trust still would not know the identity of eligible employees.

From October 2005 through May 2006, only one required monthly contribution report was submitted by Defendant to the Trust, indicating that two of its employees had worked the requisite number of hours necessary to be eligible for health coverage under the Agreements. (See Exhibit A to the Declaration of Crystal Shanks filed herewith). From October 2006 through April 2007, Defendant submitted reports that indicated four to five employees were eligible for health coverage. For the period May 2007 through the present, Defendant has not submitted any contribution reports, in breach of its statutory and contractual duties. The Trust has received information from an eyewitness that up to 23 of the 28 Local 1877 members employed by Defendant probably have worked the requisite number of hours in some or all of the months in question and were eligible for coverage under the Bargaining Agreements. (See Declaration of Adolfo Gamez and Exhibit A thereto, and Exhibit B to the Declaration of Crystal Shanks filed herewith). Under the rules of the Trust, without receipt of monthly reports from A & B, listing eligible employees and remitting required contributions, the employees of A & B are being deprived of health care coverage to which they are entitled. (Miller Decl., p. 2). Without an audit, Plaintiff Trustees cannot perform their fiduciary duty to determine which employees are eligible for health

- 4 -

NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT BY DEFAULT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
Case No.: C 07-04945 THE

Clients/CSEHT/Cases/ABMAI/Pleadings/Notice Motion Default Judgment.doc

coverage and to collect all delinquent contributions owed by A & B. The Court has power to provide such equitable relief under ERISA Section 502(g)(2) (E), 29 U.S.C. Section 1132(g)(2)(E).

Therefore, the Court should order Defendant to permit an examination of its business records by an independent accounting firm engaged by Plaintiffs to determine all employees eligible for health care benefits and all contributions due to the Trust, to occur within thirty days of the Court's order.

D. **THE PARTIAL JUDGMENT BY DEFAULT GRANTED SHOULD INCLUDE AN ORDER ENJOINING DEFENDANT FROM BREACHING ANY FURTHER ITS OBLIGATION TO CONTRIBUTE UNDER ERISA §§ 502(a)(3) AND 502(g)(2)(E), 29 U.S.C. §§ 1132(a)(3) AND 1132(g)(2)(E), AND THE BARGAINING AGREEMENTS.**

ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

"In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of:

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate."

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes an action by a plan fiduciary to enjoin violations of ERISA and provisions of a plan, and to obtain appropriate equitable relief.

- 5 -

NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT BY DEFAULT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
Case No.: C 07-04945 THE

Clients/CSEHT/Cases/ABMAI/Pleadings/Notice Motion Default Judgment.doc

Defendant has failed to submit contribution reports or to pay contributions due on behalf of its covered employees for the last seven months, from May 2007 to the present, violating its statutory and contractual duties. The irreparable harm making legal remedies inadequate is established by the blatant and repeated failure of A & B to report eligible employees and make the benefit contributions necessary to create the eligibility to which they are entitled. A health care crisis could happen at any time to one of its employees. A Court may direct a chronically delinquent contributing employer to cease breaching its obligation to contribute. *See e.g., Bay Area Painters and Tapers Pension Fund v. Brown*, 2007 U.S.Dist. LEXIS 355d (N.D. Cal. 2007); *Laborers Fringe Benefit Funds v. Northwest Concrete*, 640 F.2d 1350, 1352-53 (6th Cir. 1981) *Onondaga County Laborers' Health, Welfare, Pension, Annuity & Training Funds v. Sal Masonry Contractors, Inc.* 1992 U.S. Dist. LEXIS 4715, 1992 WL 75051 (N.D. N.Y. 1992) (awarding permanent injunction directing employer to perform its obligations towards funds and preventing employer from making further delinquent contributions to funds found to be proper on grounds that it supported public policy of ensuring that employers fulfill their obligations to contribute to employee benefit funds); *McCrory v. G.C. Monaco Electric*, 1989 WL 79486 (S.D. N.Y. 1989). Legal remedies are inadequate because repeated delinquencies would necessitate a multiplicity of actions.

Therefore, the Court should enjoin Defendant from continuing to breach its obligations, and order it to immediately resume its submission of monthly contribution reports and payment of all contributions due on behalf of its covered employees.

/ / /

/ / /

/ / /

/ / /

### E. THE COURT SHOULD ENJOIN DEFENDANT'S OWNERS FROM TRANSFERRING ASSETS, PAYING BONUSES OR EXTRAORDINARY SALARIES.

Plaintiff Trust also is entitled to an injunction under ERISA §§ 502(a)(3) and (g)(2)(E), 29 U.S.C §§ 1132(a)(3) and (5)(2)(E), requiring A & B to submit to an audit of its records relevant to determine which of its employees have been eligible for health care coverage. Specifically, Plaintiff Trust requests an injunction directing Defendant to not pay any dividends, bonuses or extraordinary salary to its officers or directors until after an audit has been conducted by Plaintiff Trust, and all monetary damages (e.g., delinquent contributions, liquidated damages, interest, attorneys' fees and costs and audit fees), as determined by this Court, have been paid in full. The Court has the power to ensure the effectiveness of any judgment finally ordered. *See California Service Employees Health & Welfare Trust Fund v. Advance Building Maintenance*, 2007 U.S. Dist. LEXIS 83987, 2007 WL 323244 (N.D. Cal. Nov. 1, 2007).

An order enjoining Defendant from paying any dividends, bonuses or extraordinary salary to its officers or directors until (1) after an audit has been conducted by Plaintiff Trust, and (2) all monetary damages (e.g., delinquent contributions, liquidated damages, interest, attorneys; fees and costs and audit fees), as determined by this Court, have been paid in full, should be awarded to Plaintiffs.

### III. CONCLUSION

For the reasons set forth above, the Court should (1) order Defendant to permit an audit of its books and records by an independent auditor selected by Plaintiff Trust within thirty days of the order of this Court in order to resolve the issue of the eligibility of its employees and thereby determine the proper amount of contributions due on behalf of those covered employees; (2) enjoin Defendant from any further violation of the terms of the Bargaining Agreements and from failures to submit reports and pay contributions due; and (3) enjoin Defendant from dissipating

1 corporate assets through payments to its owners, except for payment of regular salary, during the
2 pendency of this action.

4 Dated: November 30, 2007          Respectfully submitted,

*[signature: Philip M Miller]*
Saltzman & Johnson Law Corporation
By: Philip M. Miller
Attorneys for Plaintiffs

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On November 30, 2007, I served the following documents on the parties to this action, addressed as follows, in the manner described below:

**NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT BY DEFAULT REQUIRING AN AUDIT AND OTHER EQUITABLE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

<u>XX</u>  **MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared.

*Addressed to:*

A & B Maintenance, Inc.
405 East Gardena Blvd., Suite A
Gardena, CA  90247

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 30th day of November, 2007 at San Francisco, California.

_____
Julie Jellen

- 9 -   NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT BY DEFAULT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
Case No.:  C 07-04945 THE

Clients/CSEHT/Cases/ABMAI/Pleadings/Notice Motion Default Judgment.doc