PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>A & B MAINTENANCE, INC., a California corporation,<br><br>Defendant. | Case No.: C 07-04945 TEH<br><br>DECLARATION OF PHILIP M. MILLER IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT BY DEFAULT<br><br>Date: January 7, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Thelton E. Henderson<br>Ctrm: 12, 19th Floor |

I, PHILIP M. MILLER, state:

1.  I am a shareholder of Saltzman & Johnson Law Corporation, the attorneys for Plaintiffs in the above-entitled action. I also serve as co-counsel to the Trust. As such, I help amend and maintain the documents based on which the California Service Employees Health & Welfare Trust Fund ("Trust") operates. It is a multiemployer benefit plan, under ERISA, which receives contributions pursuant to various collective bargaining agreements and provides medical and other health-related benefits to its participants.

2.  Plaintiff Trust is an employee benefit plan established under the Agreement and Declaration of Trust of California Service Employees Health & Welfare Trust Fund (Amended

and Restated as of July 19, 2001), ("Trust Agreement"). A true and correct copy of the relevant excerpts of the Trust Agreement are attached as Exhibit A.

3. Pursuant to that Trust Agreement, Plaintiff Trustees have adopted Revised Rules Concerning Assessment of Liquidated Damages in the Event of Delinquent Contributions ("Rules"), effective with hours worked by covered employees in November 2004. A true and correct copy of the Rules is attached as Exhibit B.

4. Pursuant to that Trust Agreement, Plaintiff Trustees have adopted Amendment Number Seven to the Trust Agreement regarding compliance tests of an employer commencing on or after January 1, 2006. A true and correct copy of Amendment Number Seven is attached as Exhibit C.

5. I have personal knowledge that under the rules of the Trust, when a contributing employer (1) either fails to submit a monthly report required of all contributing employers listing employees eligible for health care coverage, or (2) fails to include required contributions needed to pay health care premiums for coverage, its employees cannot receive health care benefits through the Trust.

6. The default of defendant was entered on October 26, 2007.

7. To the best of my knowledge and belief, Defendant is not in the military service of the United States.

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 30th day of November, 2007, at San Francisco, California.

_____
PHILIP M. MILLER

- 2 -

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On November 30, 2007, I served the following documents on the parties to this action, addressed as follows, in the manner described below:

**DECLARATION OF PHILIP M. MILLER IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT BY DEFAULT**

XX    **MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared.

*Addressed to:*

A & B Maintenance, Inc.
405 East Gardena Blvd., Suite A
Gardena, CA  90247

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 30th day of November, 2007 at San Francisco, California.

_____
Julie Jellen

# EXHIBIT A

# TO DECLARATION OF

# PHILIP M. MILLER

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

# AGREEMENT and DECLARATION OF TRUST OF
# CALIFORNIA SERVICE EMPLOYEES HEALTH AND WELFARE TRUST FUND
### Amended and restated as of July 19, 2001

The AGREEMENT and DECLARATION OF TRUST of the CALIFORNIA SERVICE EMPLOYEES HEALTH AND WELFARE TRUST FUND, previously named the Building Service Health and Welfare Trust Fund, shall be amended in its entirety by deleting all provisions thereof and substituting the following in its place.

This AGREEMENT and DECLARATION OF TRUST, originally entitled "Agreement and Declaration of Trust of Building Service Health and Welfare Trust Fund," and first made and entered into the first day of May, 1951, is hereby amended and restated as of July 19, 2001, at the City and County of Alameda, State of California, by and between CALIFORNIA JANITORIAL AND SUPPLY CO., INC., and AMERICAN BUILDING MAINTENANCE CO., INC., hereinafter referred to as Employer, and various contributing employers who are parties to this TRUST AGREEMENT pursuant to collective bargaining agreements or contribution agreements accepted by the Trustees, and Local Unions affiliated with SERVICE EMPLOYEES INTERNATIONAL UNION, hereinafter referred to as Union, and LEE CRETAROLO and RAY NANN, Employer Trustees, and MIKE GARCIA and CHARLIE GILCHRIST, Union Trustees, and LARRY SMITH, Alternate Employer Trustee, and DAVID STILWELL, Alternate Union Trustee.

## WITNESSETH

**WHEREAS**, Employer and Union have entered into collective bargaining agreements requiring payments by Employer for the purpose of establishing a health and welfare program, and

**WHEREAS**, to effectuate the aforesaid purpose, it is desired to create a Trust and to establish a Trust Fund for health and welfare and life insurance benefits in accordance with the provisions of applicable laws, and the agreement of the parties, such Fund to be used in the manner hereinafter set forth.

**NOW, THEREFORE**, this Agreement and Declaration of Trust further witnesseth:

That in consideration of the promises and in order to create said Trust to be known as **CALIFORNIA SERVICE EMPLOYEES HEALTH AND WELFARE TRUST FUND**, it is mutually understood and agreed as follows:

## ARTICLE I

*Section 1.* All references herein to Employer shall include any and all other employers who may hereafter become parties to this Agreement. All references herein to Union shall include any and all other unions who may hereafter become parties to this Agreement. All references herein to Trustees shall include Alternate Trustees when acting as Trustees, and any and all successor Trustees and successor Alternate Trustees to those named herein.

*Section 2.* Employer and Union hereby create and establish with the Trustees and Alternate Trustees herein designated a trust to be known as California Service Employees Health and Welfare Trust Fund (hereinafter referred to as the "Trust"), the assets of which shall be derived from


EXHIBIT A

*Section 12.* From time to time the Trustees may report to the interested parties under this Agreement and Declaration of Trust any action taken or omitted, or any events occurring in the administration of this Trust. If the Trustees make report in writing to such interested parties upon such occasions, and, unless written objection to any matter so reported is made by an interested party receiving the report within sixty (60) days after receipt of such report, then all matters so reported shall be conclusively deemed to have been ratified and approved by the interested party to whom such report is made. Such objection must be filed in writing with the Trustees at the office of the Trustees within the time provided. If no such objection is filed, then the interested parties to whom such report is made, and each of them, shall be deemed to have waived any objection to such matters and transactions so reported and shall thereafter be estopped from asserting any such objection or any claim which might have been based on such objection.

*Section 13.* Claims Procedure: The Trustees shall make all determinations as to the right of any person to a Benefit. Any denial by the Trustees of the claim for Benefits by a Participant or Beneficiary shall be stated in writing by the Trustees and delivered or mailed to the Participant or Beneficiary; and such notice shall set forth the specific reasons for the denial, written to the best of the Trustees' ability in a manner that may be understood without legal or actuarial counsel. In addition, the Trustees shall afford a reasonable opportunity to any Participant or Beneficiary whose claim for Benefits has been denied for a review of the decision denying the claim.

No person shall have any right or claim to benefits under this Trust, other than as specified in this Agreement and Declaration of Trust. Any dispute as to eligibility, type, amount, or duration of benefit, shall be resolved by the Trustees. The Trustees' decision of the dispute shall be final and binding on all parties thereto. No interested party may bring any action in any court on any matter arising out of this Agreement and Declaration of Trust, until the procedure provided in this Agreement and Declaration of Trust shall have been exhausted and a decision made with respect to it; and then, the only action which may be brought is to enforce the decision.

*Section 14.* The Trustees shall administer the Trust in conformity with this Agreement and Declaration of Trust, as from time to time amended, in accordance with the requirements of applicable laws.

## ARTICLE IV

*Section 1.* Payments as provided in **Article I, Section 2**, hereof shall be made promptly. The initial report shall be complete. Thereafter, all additions, subtractions and other changes shall be reported concurrently with payment.

*Section 2.* The Trustees shall have the power to demand, collect and receive such Employer payments and shall hold their moneys as the "California Service Employees Health and Welfare Trust Fund," for the purposes specified in this Agreement and Declaration of Trust.

*Section 3. Amount of Contributions.* Contributions shall be made by the Employers in the amounts and for such of their respective employees as specified in their Contribution Agreements. It is understood and agreed that said contributions may be in differing amounts, and that the benefits payable on account of such contributions may vary, all in accordance with the terms and conditions of the various Contribution Agreements under which the contributions are required to be made; provided, however, that subject to such differences in rates of contribution and the benefits attributable thereto, there shall be no discrimination between or among any Participants in the

administration of this Trust.

**Section 4.** *Payment of Contributions.* All Employer contributions required by a Contribution Agreement shall be payable on the Due Date specified in **Section 5** below, and shall be payable at such place where the Trust's principal place of business is located as the Trustees may from time to time specify; payment elsewhere shall be permitted only with the Trustees' prior written approval.

Payments shall be accompanied by complete reports on forms furnished or approved by the Trust so that the contribution can be allocated accurately. The Employer may be compelled by the Trust or its assignee, by way of subpoena, civil discovery or other legal proceeding, to prepare, submit and file with the Trust proper reports for any period for which the Employer has previously failed to file.

For any report period for which an Employer fails to file a report, until the proper report is filed by the Employer and accepted by the Trust, the amount due from the Employer for the report period for which the Employer has failed to file shall be deemed to be not less than the amount due pursuant to the most recent complete report filed by the Employer covering an equivalent period of time.

**Section 5.** *Due Date.* The Due Date for an Employer's contributions for a month shall be not later than the 10th day of the month immediately following the month for which the contribution is made. Any Employer contribution received later than the 20th day of the month following the month for which the contribution is made shall be deemed Delinquent Contributions and subject to the provisions of Section 6, below.

**Section 6.** *Delinquent Contributions.* It is recognized and acknowledged that the regular and timely payment of Employer contributions is essential to the efficient and fair administration of the Trust and the maintenance of Plan benefits. If Employers do not make timely payments, the Trust loses the investment return it should have received and incurs additional administrative expense in the form of letters, telephone calls, and other collection expenses. The Trust is also delayed or prevented from processing claims by employees for benefits under the Plan. The Trust's collection expenses, loss of return on investment, and inability to pay benefits constitute damages arising from an Employer's default in making payments, and these damages cannot be allowed to deplete the contributions promptly paid by other Employers. Therefore, the following provisions shall apply with respect to delinquent contributions, except that if a collective bargaining agreement provides for higher rates of liquidated damages and/or interest, then those higher rates shall apply instead.

(a) *When Employer Considered Delinquent.* Any Employer shall be considered to be delinquent if late payment or underpayment occurs, whether because it (i) fails to submit a contribution report form with the full contribution by the close of business on the Due Date, or (ii) fails to submit contributions on behalf of all employees for whom contributions are required under its Contribution Agreement, or (iii) fails to properly compute the contributions according to the applicable contribution formula, or (iv) otherwise fails to meet its obligations hereunder.

(b) *Liquidated Damages.* It would be extremely difficult and impractical to fix the actual expense and damage to the Trust, over and above attorney's fees and interest on the delinquent contributions, for each Employer's default. Therefore, in the case of delinquent

contributions which are paid before a lawsuit is filed, the amount of liquidated damages to the Trust resulting from any Employer's default, over and above attorney's fees and interest for delinquent contributions, shall be five percent (5%) of the delinquent contributions, so long as the total amount paid to this Trust is no greater than Eight Hundred Dollars ($800.00) and no less than Fifty Dollars ($50.00).

If a lawsuit to collect the delinquent contributions has been filed, the amount of liquidated damages on the delinquent contributions shall be an amount equal to the greater of (i) twenty percent (20%) of the delinquent contributions as of the date of delinquency or (ii) interest on the amount of the delinquent contributions until the dates they are paid in full at the rate referred to in subparagraph (c). Such amount is due and payable to the Trust as liquidated damages and not as a penalty, and such liquidated damages may be waived only pursuant to rules and regulations adopted by the Trustees unless a collection suit against the Employer has been filed, in which case the Trustees may waive liquidated damages as appropriate under the circumstances.

(c) *Interest.* Prior to the filing of a lawsuit, delinquent contributions shall accrue interest from the Due Date until paid at a rate of ten percent (10%) simple interest per annum. After the filing of a lawsuit, delinquent contributions shall accrue interest from the Due Date until paid at the rates prescribed from time to time pursuant to the underpayment rate of Internal Revenue Code section 6621. Interest on delinquent contributions may be waived, but only pursuant to rules and regulations adopted by the Trustees unless a collection suit against the Employer has been filed, in which case the Trustees may waive interest as appropriate under the circumstances.

(d) *Special Rules for Repeated Delinquencies.* The Trustees may, in the event of repeated delinquencies by the same Employer, make special rules applicable to the Due Date of said Employer's contributions and may require the Employer to post a bond or other security against further delinquencies.

**Section 7. *Recordkeeping and Audits.*** Each Employer shall maintain such time records, checks, check stubs, quarterly or other pertinent government returns, or such other records relating to employment for which contributions are payable hereunder, sufficient (i) to determine whether it has satisfied all obligations to the Trust and (ii) to permit the Trust to comply with all applicable laws. These records shall be maintained within California for a period of not less than seven (7) years following the end of the calendar year in which the employment occurs. If an Employer fails to keep records adequate to determine its obligations, there shall be a rebuttable presumption, at the option of the Trust, that all sums paid to employees covered by a Contribution Agreement by such Employer were wages for work for which contributions were payable to this Trust.

The Trustees or its authorized representatives may require any Employer to submit to it at any time any information relevant to the administration of the Trust, and each Employer specifically waives any privilege it may have with respect to such information. Upon notice in writing, an Employer must permit an authorized Trust representative to enter upon the premises of such Employer at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether the Employer has made full and prompt payment of all sums required to the Trust. Such examination may be undertaken pursuant to a routine payroll audit program or on an individual basis. The records to be made available to the Trustees, or its representative, shall include but not be limited to time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax report, cash disbursement journals, and all other documents reflecting the hours and wages of

employees (whether or not such documents are privileged). In the event that an examination of the Employer's records reveals that delinquent contributions for the audit period equal or exceed ten percent (10%) of the total required contributions, then such Employer shall reimburse the Trust, upon demand of the Trustees, for the costs of said examination in addition to any other obligations it may have hereunder. The Trustees shall have the authority, however, in their sole discretion to waive all or part of such costs for good cause shown.

**Section 8.** *Collection Actions.* The Trust may institute legal proceedings to collect delinquent Employer contributions, liquidated damages, interest, attorneys' fees and other costs of collection, including collection agency fees and audit fees. Such proceedings may be instituted in the name of the Trust or the Trustees, or the claim may be assigned to a third person for collection. The county in which the particular Employer contribution is payable (as determined under **Section 4** hereof) shall be a proper county in which to institute legal proceedings to collect all sums owing by an Employer.

The Employer shall reimburse the Trust, or its assignee, for all reasonable attorney's fees, audit fees, court costs, collection agency fees, and all other reasonable expenses of whatever nature incurred in connection with such suit or claim, including any and all appellate proceedings therein. It is recognized that the extent of legal services necessarily incurred in the collection of required Employer contributions may in certain cases have no relation to the fact that the amount of the delinquency is relatively small.

In the event an applicable collective bargaining agreement or Contribution Agreement contains provisions relating to collections that specify additional remedies, or obligate the delinquent Employer to greater amounts of liquidated damages, interest, attorneys' fees or other items than those set forth herein, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

In the case of delinquent contributions identified in an audit, no applicable statute of limitations shall bar an action to collect said delinquencies and for related remedies until two (2) years following completion of both the audit and the review of all Employer objections thereto.

**Section 9.** *Mistaken Contributions.* Within the discretion of the Trustees and to the extent permitted under the Internal Revenue Code, ERISA, and regulations issued under those laws, mistaken Employer contributions will be treated as follows:

(a) *Discretionary Refunds.* Mistaken Employer contributions may be returned to the Employer in the Trustees' discretion, without interest or other appreciation, within six (6) months after the Trustees determine that the contribution was made by mistake, provided, however, that a mistaken Employer contribution may not be returned to the Employer unless a written refund request is submitted to the Trust by the Employer within four (4) years of the Due Date of the report form containing the erroneous contributions. The Trust shall reduce any such refund by twelve percent (12%) to compensate the Trust for the time and expense of researching and processing requests for refunds. The Trust, in addition, may reduce any such refund in an amount equal to any financial detriment to the Trust resulting from the mistaken contributions, including but not limited to, any insurance premiums paid or benefit payments made by the Trust.

Employer payments of liquidated damages determined to be improperly assessed may not be returned to an Employer unless a written refund request is submitted to the Trust by the Employer

*Section 4.* If any part of this Agreement and Declaration of Trust shall be deemed unlawful, the remaining provisions shall not be affected thereby, but shall remain effective.

**IN WITNESS WHEREOF**, the Trustees named herein have adopted and executed this revised Trust Agreement on the dates set forth below.

| Date | Signature |
|---|---|
| January 13, 2002 | LEE CRETAROLO, Chairperson |
| November 1, 2001 | MIKE GARCIA, Co-Chairperson |
| November 1, 2001 | RAY NANN, Trustee |
| November 1, 2001 | CHARLIE GILCHRIST, Trustee |
| November 1, 2001 | LARRY SMITH, Alternate Trustee |
| November 1, 2001 | DAVID STILWELL, Alternate Trustee |

-16-

s:\cseht\misce\dectrust.701
10/11/01

# EXHIBIT B

# TO DECLARATION OF

# PHILIP M. MILLER

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

December 2004

## NOTICE OF REVISED RULES CONCERNING ASSESSMENT OF LIQUIDATED DAMAGES IN THE EVENT OF DELINQUENT CONTRIBUTIONS

Effective with November 2004 hours, December 2004 contributions, the Trustees adopted the following revised policy and procedures regarding the assessment of Liquidated Damages in the event of delinquent employer contributions.

The due date for an Employer's completed reports and contributions for a month shall not be later than the 10th day of a month immediately following the month for which the contribution is made. Any Employer contribution received later than the 20th day following the month for which the contribution is made is considered delinquent and the following applies:

If the contributions and the report form are not postmarked by the 20th of the month but are received by the 25th of the month, the employer will be obligated to pay liquidated damages in the amount of $200. If they are not received by the 25th day of the month, liquidated damages will be assessed in an amount equal to the greater of (a) 5% of the delinquent contributions or (b) $200. The existing rule is unchanged that if the contributions are still delinquent at the time a lawsuit is filed to collect the contributions, the amount of liquidated damage owed will increase to the greater of (a) 20% of the delinquent contributions or (b) an amount equal to the amount of interest owed on the delinquent contributions.

This revised rule concerning liquidated damages does not modify the obligation of the employer to also pay interest on delinquent contributions at rates set forth in the Trust Agreement in the Trust Fund.

Please do not hesitate to contact the Trust Fund office at 510-433-4464, extension 3155, if you have any questions.

**EXHIBIT B**

# EXHIBIT C

# TO DECLARATION OF

# PHILIP M. MILLER

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

EXHIBIT C TO DECLARATION OF PHILIP M. MILLER
CASE NO. C 07-04945 TEH

AMENDMENT NUMBER SEVEN TO
THE AGREEMENT AND DECLARATION OF TRUST OF THE
CALIFORNIA SERVICE EMPLOYEES HEALTH AND WELFARE TRUST FUND
(Restated July 19, 2001)

Effective for compliance tests of an employer commencing on or after January 1, 2006, the last paragraph of Article IV, section 7, is amended in its entirety to read as follows:

"The records to be made available to the Trustees, or its representative, shall include but not be limited to time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax report, cash disbursement journals, and all other documents reflecting the work performed, hours and wages of employees (whether or not such documents are privileged). In the event that an examination of the Employer's records reveals that delinquent contributions for the audit period equal or exceed five percent (5%) of the total required contributions, then such Employer shall reimburse the Trust, upon demand of the Trustees, for the costs of said examination in addition to any other obligations it may have hereunder. In addition, if an employer cancels a scheduled examination within five (5) working days of the scheduled date of the examination, the employer shall be obligated to reimburse the Trust for all actual costs resulting from the cancellation. The Trustees shall have the authority, however, in their sole discretion to waive all or part of such costs for good cause shown."

Executed February 8, 2006 at Alameda, California.

TRUSTEES _____    TRUSTEES _____

_____              _____

**EXHIBIT C**