PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>A & B MAINTENANCE, INC., a California corporation,<br><br>Defendant. | Case No.:   C 07-04945 TEH<br><br>**REDACTED VERSION OF THE DECLARATION OF ADOLFO GAMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT BY DEFAULT**<br><br>Date:      January 7, 2008<br>Time:     10:00 a.m.<br>Judge:    Hon. Thelton E. Henderson<br>            Courtroom 12, 19th Floor |

I, Adolfo Gamez, state:

1.  I am a Union Representative employed by Local 1877 California Service Employees International Union, ("Local 1877"), as an Internal Organizer. My business address is 1247 West 7th Street, Los Angeles, California 90017. I was hired by Local 1877 in 1997 and have been employed as an Internal Organizer for approximately nine years.

2.  I am one of the custodians of the Agreements between Local 1877 and A & B Maintenance, Inc. ("A & B").

/ / /

1  contributions due on behalf of the covered employees. On February 23, 2007, I filed a grievance
2  against A & B requesting immediate payment of health and welfare contributions due on behalf of
3  its covered Local 1877 employees for hours worked during the period October 2006 through
4  January 2007.
5      5.    I also contacted the Trust's administrative office and provided it with the list of
6  names of Local 1877 covered employees on whose behalf contributions had not been made by
7
8  A & B.
9  I swear under penalty of perjury that the foregoing is true and correct to the best of my
10  knowledge.
11  Signed November 28, 2007, at Los Angeles, California.
12
13  ADOLFO GAMEZ

3

DECLARATION OF ADOLFO GAMEZ
IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT BY DEFAULT
Case No.: C 07-04945 TEH

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On November 30, 2007, I served the following documents on the parties to this action, addressed as follows, in the manner described below:

**DECLARATION OF ADOLFO GAMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT BY DEFAULT**

<u>XX</u>   **MAIL**, being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared.

*Addressed to:*

A & B Maintenance, Inc.
405 East Gardena Blvd., Suite A
Gardena, CA  90247

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 30th day of November, 2007 at San Francisco, California.

_____
Julie Jellen

xs

# EXHIBIT A

# TO DECLARATION OF

# ADOLFO GAMEZ

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

# MAINTENANCE

# CONTRACTORS

*A & B Maintenance*

# MARKET



# AGREEMENT

March 1, 2001 through February 28, 2005

SEIU Local 1877
1247 W. Seventh Street, Los Angeles, California 90017
(213) 680-9567

For Health and Welfare or Pension Information Phone (213) 688-7317



H. Employees may carry over unutilized "PTO" days to a maximum which is the equivalent of 24 months earned "PTO" days (e.g. 24 months multiplied by the applicable "PTO" rate).

I. Employees must cash out at the rate of one hundred percent (100%) any "PTO" earned in excess of the maximum carry over named in paragraph "H"

J. All applicable benefits, such as, vacation benefits earned by an employee of the Employer prior to March 1, 2001, shall be converted by the Employer to "PTO" benefits on March 1, 2001.

# ARTICLE XVII - HEALTH AND WELFARE

This Article covers employees of the Employer who are covered by this Agreement. It expresses the understanding of the Employer and the Union concerning Employer contributions to the Health and Welfare Plan on behalf of such employees.

### Section 1. Plans

All Employer contributions referred to in this Article shall be paid into the California Service Employees Health and Welfare Trust Fund (formerly the Building Service Health and Welfare Trust Fund), to the Depository Bank, Lock Box No. 55258, PO Box 44000, San Francisco, CA 94144-5258, as named by the Board of Trustees. It is understood that all questions concerning eligibility of employees for coverage, including the commencement and termination of coverage, shall be determined by the Trustees of said Trust Fund.

### Section 2. Trust Fund

The Employer agrees to be bound by all the terms and provisions of the Agreement and Declaration of Trust of the California Service Employees Health and Welfare Trust Fund) and any plan documents or summary plan description thereof, as each of these may from time to time be amended by the Board of Trustees, and hereby acknowledges prior receipt of a copy thereof.

26

The Employer shall comply with all the provisions of the California Service Employees Health and Welfare Trust Fund and shall maintain, furnish and make available for audit such data and records as the Trustees may require, as provided in the Agreement and Declaration of Trust of the California Service Employees Health and welfare Trust Fund.

### Section 3.   Coverage

Between the first (1st) and the tenth (10th) day of each calendar month, the Employer shall submit to the Trust Fund, (1) a list of employees who have worked and/or been paid for the equivalent of one hundred ten (110) hours and who have been employed by the Employer for one hundred and twenty (120) days or more during the preceding calendar month and, (2) contributions due thereon. Paid vacations, holidays and sick leave shall be included in computing qualifying hours. Effective with March 01, 2003, the one hundred and twenty (120) days requirement shall be reduced to ninety (90) days)

The Employer shall contribute, effective with March 2001 hours, on behalf of each qualifying employee, employed by the Employer at job locations in Area 1 as described in Appendix "B" of this Agreement, the amount of one hundred thirty-nine dollars and eighteen cents ($139.18) per month to the California Service Employees Health and Welfare Trust Fund in order to provide the employee with Kaiser Plan "C", including Kaiser Prescription Drug Plan for the member only.

Effective for March 1, 2003 coverage, the Employer shall contribute the necessary funds, as determined by the Trustees of the California Service Employees Health and Welfare Trust Fund, the amount necessary to provide Kaiser Family Plan "C" coverage including: Pacific Union Dental Plan and $5,000.00 (member only) Life Insurance (including $2500.00 eligible dependant Life Insurance) for all otherwise

27

eligible employees in both Areas 1 and 2 as described in Section 3 of this Article and are covered under this Agreement as per Article II of this Agreement.

### Section 4.   Maintenance of Benefits

It is agreed that the employee benefits established hereunder shall be maintained for the life of this Agreement. If the cost of providing such benefits shall increase during the term of this Agreement, the Employer agrees to pay such increase in premiums as may be necessary in order to maintain the employees benefits.

### Section 5.   Family Leave Act

Any employee who has worked and/or been paid for the equivalent, or more, of the qualifying hours (as specified in this Article) in the preceding calendar month and who is on leave pursuant t the Federal or California Family Leave Act (FMLA) and does not work and is not paid for necessary number of qualifying hour in that month or consecutive subsequent months while on FMLA shall have her/his Health and Welfare payments made by the Employer as if the employee had worked and/or been paid for the qualifying hours.

## ARTICLE XVIII – PENSION

A.   The employer agrees to contribute to the S.E.I.U. National Industry Pension Fund each month a sum based on a certain cents-per-hour contribution for each hour paid for and/or worked by all employees, who have completed six (6) months of employment for the purpose of maintaining the Pension Plan. The employer shall contribute to the Trust for all hours worked and/or paid for at each job location or for each employee, the sum of five (5) cents per hour beginning with July 01, 2004 hours.

B.   The Employer shall pay on or before the fifteenth (15th) day of each month the contribution for all hours paid during the preceding calendar month, and shall continue the same for the life of this Agreement. Such

appendices. The Employer shall be entitled to and shall have the full benefit of any such favorable Agreement.

B. Consistent with its obligations under the National Labor Relations Act in connection with this clause, the Union agrees to provide, upon reasonable periodic request, all information relating to any agreements that the Union may have entered into with other contractors for work subject to this Agreement.

C. The provisions of this Article shall not be deemed to apply to any agreements relating to the initial phase in of standards, rates and benefits with any new signatory to the Maintenance Contractors Market Agreement.

## ARTICLE XXX - TERM OF AGREEMENT

A. This Agreement shall become effective as of the 1st day of March, 2002, and shall remain in effect through the 28th day of February, 2005, and from year to year thereafter unless either party has served notice in writing upon the other party no less than sixty (60) days prior to the 28th day of February, 2005 or serves such notice not more than ninety (90) or less than sixty (60) days prior to any subsequent anniversary date of this Agreement, of its desire to cancel, amend or modify this Agreement.

B. Appendices A - C set forth hereinafter are incorporated as a part of this Agreement and shall have the same effect as though fully set forth herein.

IN WITNESS WHEREOF, the parties hereto set their hands this day of _OCT, 13 2005_.

FOR the EMPLOYER:  
A & B Maintenance Inc.

By _THOMAS DUNN_

Title _Office/Field Manager_

FOR THE UNION:  
Service Employees International Union  
LOCAL 1877, SEIU, AFL-CIO

By _____

Title _Presidential Assistant_

40

# EXHIBIT B

# TO DECLARATION OF

# ADOLFO GAMEZ

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

EXHIBIT B TO DECLARATION OF ADOLFO GAMEZ
CASE NO. C 07-04945 TEH

MEMORANDUM OF AGREEMENT
BETWEEN

A & B MAINTENANCE, INC.

AND

SEIU LOCAL 1877

MAINTENANCE CONTRACTORS MARKET AGREEMENT
(MARCH 1, 2005 – FEBRUARY 28, 2009)

Effective __10/3/05__, the above referenced parties agree as follows:

That notwithstanding provisions to the contrary under ARTICLE XVII – HEALTH AND WELFARE – of the Maintenance Contractors Market Agreement, Health & Welfare coverage as provided under this Article is extended to include eligible employees, effective with __OCT__, 2005 work hours initially and who are employed at the following job sites:

__Ralph's Grocery in__
__L.A. County__

All other provisions of ARTICLE XVII – HEALTH AND WELFARE – and all other provisions of the Maintenance Contractors Market Agreement (MCMA) between A & B Maintenance, Inc. and SEIU Local 1877 will continue in full force and effect for the remainder of the 2005/2009 term for the above-mentioned worksites and any other future worksites covered under the jurisdiction of said Agreement.

AGREED TO BY:

A & B MAINTENANCE, Inc.

__Thomas Dunn__
Title: __Field Manager__
Date: __11-02-05__

SEIU LOCAL 1877

__Adolfo Gamez__
Title: __Internal Organizer__
Date: __11/2/05__



EXHIBIT B

# EXHIBIT C

# TO DECLARATION OF

# ADOLFO GAMEZ

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

EXHIBIT C TO DECLARATION OF ADOLFO GAMEZ
CASE NO. C 07-04945 TEH

RECEIVED
MAY 15 2006

# A & B MAINTENANCE SERVICES AGREEMENT

## BETWEEN

## SERVICE EMPLOYEE INTERNATIONAL UNION, LOCAL 1877

1247 W. 7TH ST.
LOS ANGELES, CA. 90017
(213) 680-9567

3/1/05 – 2/28/09

For Health and Welfare or Pension Information Phone
(213) 688-7317



EXHIBIT C

G. "PTO" will be calculated as time worked for the purposes of seniority and health and welfare qualifying time.

H. Employees may carry over unutilized "PTO" days to a maximum which is the equivalent of 24 months earned "PTO" days (e.g. 24 months multiplied by the applicable "PTO" rate).

I. Employees must cash out at the rate of one hundred percent (100%) any "PTO" earned in excess of the maximum carry over named in paragraph "H".

J. All applicable benefits, such as, vacation benefits earned by an employee of the Employer prior to March 1, 2001, shall be converted by the Employer to "PTO"' benefits on March 1, 2001.

# ARTICLE XVII - HEALTH AND WELFARE

This Article covers employees of the Employer who are covered by this Agreement. It expresses the understanding of the Employer and the Union concerning Employer contributions to the Health and Welfare Plan on behalf of such employees.

### Section 1. Plans

All Employer contributions referred to in this Article shall be paid into the California Service Employees Health and Welfare Trust Fund (formerly the Building Service Health and Welfare Trust Fund), to the Depository Bank, Lock Box No. 55258, PO Box 44000, San Francisco, CA 94144-5258, as named by the Board of Trustees. It is understood that all questions concerning eligibility of employees for coverage, including the commencement and termination of coverage, shall be determined by the Trustees of said Trust Fund.

31

### Section 2. Trust Fund

The Employer agrees to be bound by all the terms and provisions of the Agreement and Declaration of Trust of the California Service Employees Health and Welfare Trust Fund and any plan documents or summary plan description thereof, as each of these may from time to time be amended by the Board of Trustees, and hereby acknowledges prior receipt of a copy thereof. The Employer shall comply with all the provisions of the California Service Employees Health and Welfare Trust Fund and shall maintain, furnish and make available for audit such data and records as the Trustees may require, as provided in the Agreement and Declaration of Trust of the California Service Employees Health and welfare Trust Fund.

### Section 3. Coverage

Between the first (1st) and the tenth (10th) day of each calendar month, the Employer shall submit to the Trust Fund, (1) a list of employees who have worked and/or been paid for the equivalent of one hundred ten (110) hours and who have been employed by the Employer for thousand forty (1040) hours or more during the preceding calendar month and, (2) contributions due thereon. Paid vacations, holidays and sick leave shall be included in computing qualifying hours. Effective for March 1, 2005 coverage, the Employer shall contribute the necessary funds, as determined by the Trustees of the California Service Employees Health and Welfare Trust Fund, the amount necessary to provide Kaiser Family Plan "C" coverage including: Pacific Union Dental Plan and $5,000.00 (member only) Life Insurance (including $2500.00 eligible dependant Life Insurance) for all otherwise eligible employees in both Areas 1 and 2 as described in Section 3 of this Article and are covered under this Agreement as per Article II of this Agreement. The initial rate of the Employer's contribution as of March 1, 2005 shall be five hundred seventy dollars and twenty cents ($570.20).

# ARTICLE XXX - TERM OF AGREEMENT

A. This Agreement shall become effective as of the 1st day of March, 2005, and shall remain in effect through the 28th day of February, 2009, and from year to year thereafter unless either party has served notice in writing upon the other party no less than sixty (60) days prior to the 28th day of February, 2009 or serves such notice not more than ninety (90) or less than sixty (60) days prior to any subsequent anniversary date of this Agreement, of its desire to cancel, amend or modify this Agreement.

B. Appendices A - C set forth hereinafter are incorporated as a part of this Agreement and shall have the same effect as though fully set forth herein.

IN WITNESS WHEREOF, the parties hereto set their hands this day of 26th April 20 06.

FOR THE EMPLOYER:

A & B Maintenance Services

By _____

Title Manager of Operations

FOR THE UNION:

Service Employees International Union LOCAL 1877, SEIU

By _____

Title Assistant to the President

(I01-23-06)

48

# EXHIBIT D

# TO DECLARATION OF

# ADOLFO GAMEZ

# IN SUPPORT OF PLAINTIFFS' MOTION

# FOR PARTIAL JUDGMENT BY DEFAULT

A and B MAINTENANCE STAFFING

| Last name | First name | Social Security | Store # | Hire date | Estimated Effective date of coverage (90 days wait if hired before 12/12/05 after 1,040 hrs (6 mo.) | Comments | Additional Comments |
|---|---|---|---|---|---|---|---|
| ALVAREZ | BERNARDO C. | -7561 | 11 | 05/18/06 | 11/06 hrs | needs 1,040 hrs wait | |
| ALVAREZ | CIRIACA F. | -5320 | 730 | 03/27/07 | 9/07 hrs | needs 1,040 hrs wait | |
| AMARALES | DAVID | -1324 | 009 | 09/16/06 | 3/07 hrs | needs 1,040 hrs wait | Mbr currently covered. |
| AYALA | ANTONIO | -8863 | 631 | 09/20/05 | 12/06 hrs. | needs only 90 day wait. | |
| BADILLO | CELINA | -4829 | 155 | 02/07/07 | 8/07 hrs | needs 1,040 hrs wait | |
| BELTRAN | MARVIN A. | -2549 | 205 | 02/08/07 | 8/07 hrs | needs 1,040 hrs wait | |
| CABRERA | JESUS | -8991 | 146 | 06/11/06 | 12/06 hrs | needs 1,040 hrs wait | |
| GOMEZ-VELAZQUEZ | MARIO | -7689 | 111 | 11/03/06 | 5/07 hrs. | needs 1,040 hrs wait | |
| HERNANDEZ | MARCIANO | -5936 | 213 | 06/12/06 | 12/06 hrs. | needs 1,040 hrs wait | |
| HERNANDEZ | MARCOS | -7320 | 213 | 05/23/07 | 11/07 hrs | needs 1,040 hrs wait | |
| HERNANDEZ | LETICIA | -3021 | 213 | 05/30/07 | 11/07 hrs | needs 1,040 hrs wait | |
| HERNANDEZ-NAVA | EDGAR | -7564 | 11 | 05/18/06 | 11/06 hrs | needs 1,040 hrs wait | |
| JACKSON | MARZETTE | -5011 | 284 | 01/11/07 | 7/07 hrs | needs 1,040 hrs wait | |
| JIMENEZ | MARIA C. | -5432 | 730 | 04/04/07 | 10/07 hrs | needs 1,040 hrs wait | Mbr currently covered. |
| JONES | ELLIOTT | -1701 | 58 | 11/26/05 | 5/06 hrs. | needs only 90 day wait. | Mbr currently covered. |
| LITTLE | DORNELL D. | -4594 | 58 | 06/30/06 | 12/06 hrs. | needs 1,040 hrs wait | |
| LUCERO | JAVIER | -9662 | 283 | 09/28/06 | 3/07 hrs | needs 1,040 hrs wait | |
| MEZA | PEDRO Z. | -7123 | 11 | 05/18/06 | 11/06 hrs | needs 1,040 hrs wait | |
| MIRAMON | MARCO A. | -7356 | 631 | 06/05/07 | 12/07 hrs. | needs 1,040 hrs wait | Mbr currently covered. |
| MORALES | AARON | -7113 | 730 | 10/06/05 | 1/06 hrs | needs only 90 day wait. | |
| MORALES | IVAN | -4330 | 646 | 11/23/05 | 5/06 hrs. | needs only 90 day wait | |
| QUIROS | DELIA | -6738 | 205 | 02/08/07 | 8/07 hrs | needs 1,040 hrs wait | |
| REYES | AIDE | -8900 | 205 | 09/08/06 | 3/07 hrs | needs 1,040 hrs wait | |
| REYES | NEREO C. | -1809 | 143 | 01/11/07 | 7/07 hrs | needs 1,040 hrs wait | |
| SALOMON | FERNANDO | -5763 | 284 | 01/08/07 | 7/07 hrs | needs 1,040 hrs wait | |
| TURRUBIARTES | AURELIO | -1063 | 632 | 11/23/05 | 2/06 hrs | needs only 90 day wait. | |

EXHIBIT D