1

**MARTIN & MARTIN, LLP**

2

Areva D. Martin, Esq. (State Bar No. 131397)
Rosa M. Kwong, Esq. (State Bar No. 129811)

3

3530 Wilshire Boulevard, Suite 1650
Los Angeles, California 90010

4

Telephone: (213) 388-4747

5

Facsimile: (213) 388-6655

6

Attorneys for Defendant, A&B MAINTENANCE, INC.

7

8

### IN THE UNITED STATES DISTRICT COURT

9

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

CALIFORNIA SERVICE EMPLOYEES
HEALTH & WELFARE TRUST FUND,

12

et al.,

13

    Plaintiffs,

14

15

    v.

16

A & B MAINTENANCE, INC.,

17

    Defendant.

18

19

20

21

AND RELATED COUNTERCLAIM

22

23

24

25

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NO.: CO7-4945 TEH**

**The Honorable Thelton E. Henderson**

**DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

26

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

27

28

COMES NOW A&B MAINTENANCE, INC. ("Defendant") in answer to the Complaint of Plaintiffs CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND ("Trust"), MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee ("Trustees") (collectively, "Plaintiffs"), states as follows:

1.    In answering Paragraph 1 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations therein and, based thereon, denies said allegations.

2.    Defendant admits the allegations in Paragraph 2 of the Complaint.

3.    Defendant admits the allegations in Paragraph 3 of the Complaint.

4.    Defendant admits the allegations in Paragraph 4 of the Complaint.

5.    Defendant denies that the alleged breaches under ERISA occurred in the Oakland Division of the Northern District of the United States District Court where this action is filed.   As for the remaining allegations in Paragraph 5 of the Complaint, Defendant lacks sufficient information to either admit or deny and, therefore, denies said allegations.

6.    Defendant denies the allegations in Paragraph 6 of the Complaint.

7.    Defendant admits that Plaintiffs' recitation of the law in Paragraph 7 of the Complaint is accurate.

8.    Defendant admits that Plaintiffs' recitation of the law in Paragraph 7 of the Complaint is accurate.

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

9.    Defendant admits that Plaintiffs' recitation of the law in Paragraph 7 of the Complaint is accurate.

10.    Defendant admits that Plaintiffs' recitation of the law in Paragraph 7 of the Complaint is accurate.

11.    Defendant admits that Plaintiffs' recitation of the law in Paragraph 7 of the Complaint is accurate.

12.    Defendant admits it was a party to and bound by the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009. Defendant admits the Agreement requires Defendant to make contributions as alleged in Paragraph 12 of the Complaint.

13.    Defendant admits the allegations in Paragraph 13 of the Complaint as they apply to the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009. Defendant lacks sufficient information to admit or deny the allegations regarding "the terms of the Trust's Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreement." Defendant has never received Trust plan documents or rules, regulations and policies adopted by the Trustees under authority of the Trust Agreement or, for that matter, a copy of the Trust Agreement.

14.    Defendant admits the allegations in Paragraph 14 of the Complaint as they apply to the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009.

15.    In answering Paragraph 15 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

16.    In answering Paragraph 16 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

17.    In answering Paragraph 17 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

18.    In answering Paragraph 18 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

19.    In answering Paragraph 19 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

20.    In answering Paragraph 20 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

21.    In answering Paragraph 21 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

4

22.    In answering Paragraph 22 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations stated therein and, therefore, denies said allegations.

23.    Defendant denies it breached the terms of the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009.  Defendant lacks sufficient information to either admit or deny the remainder of the allegations in Paragraph 23 of the Complaint.

24.    Defendant denies it failed to timely pay the Trust contributions for hours worked by covered employees, denies that it breached the terms of the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009 and denies that it is liable for the damages, fees and costs claimed by Plaintiffs in Paragraph 24 of the Complaint.  Defendant lacks sufficient information to either admit or deny the allegation that it breached the Trust Agreement and, therefore, denies said allegation.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant denies that it has received numerous demands for payment from Plaintiffs or that it owes Plaintiffs the damages alleged in the Complaint.  Defendant admits it has refused to pay the amounts demanded by Plaintiff.

27.    Defendant admits that during particular periods relevant to this action, not all of its employees performed work covered by the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009.

## ANSWERING THE FIRST CAUSE OF ACTION
## FOR AN ORDER THAT DEFENDANT PERMIT EXAMINATION
## OF BUSINESS RECORDS

28.    Defendant reiterates and incorporates its responses to paragraphs 1 through 27, infra, as though set forth herein.

29.    Defendant admits that during particular periods relevant to this action, not all of its employees performed work covered by the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009.

30.    Defendant admits the allegations in Paragraph 30 of the Complaint.

31.    Defendant admits the allegations in Paragraph 31 of the Complaint.

32.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 32 of the Complaint and, therefore, denies said allegations.

33.    Defendant admits Plaintiffs have a right to conduct an audit of Defendant's business records for reasons alleged in Paragraph 33 of the Complaint, but lacks sufficient information to either admit or deny the remaining allegations in said paragraph and, therefore, denies said allegations.

## ANSWERING THE SECOND CAUSE OF ACTION
## FOR PAYMENT OF DELINQUENT CONTRIBUTIONS

34.    Defendant reiterates and incorporates its responses to paragraphs 1 through 33, infra, as though set forth herein.

///

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

35.    Defendant admits it agreed to be bound by the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 35 of the Complaint and, therefore, denies said allegations in that it has never received "Trust Agreement and Plan Documents."

36.    Defendant denies the allegation respecting the Maintenance Contractors Market Agreement effective from March 1, 2005 through February 28, 2009, but lacks sufficient information to either admit or deny the allegations regarding the Trust Agreement and, therefore, denies said allegations.

37.    Defendant denies the allegations in Paragraph 37 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION
## FOR INJUNCTIVE RELIEF

38.    Defendant reiterates and incorporates its responses to paragraphs 1 through 37, infra, as though set forth herein.

39.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint and, therefore, denies said allegations.

## ANSWERING PRAYER FOR RELIEF

1.    Defendant denies there is basis for an order of examination sought by Plaintiff. Defendant submitted to Plaintiffs' audit/examination prior to Plaintiffs filing the herein action.

///

7

2.    Defendant objects to, and denies any liability for, the damages sought for recovery in subparagraphs (a) through (g) of the Complaint.

3.    Defendant objects to and opposes Plaintiffs' demand for injunctive relief.

4.    Defendant objects to and denies that Plaintiff is entitled to any relief.

Additionally, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE OF IMPROPER VENUE

1.    Plaintiffs are not entitled to maintain this claim in that the claim is commenced in an improper venue and is subject to transfer under 28 U.S.C.A. § 1404.

## SECOND AFFIRMATIVE DEFENSE OF
## FRAUD IN THE INDUCEMENT

2.    Plaintiffs are not entitled to relief under their Complaint in that they induced Defendant to enter into the Maintenance Contractors Market Agreement effective March 1, 2005 through February 28, 2009 through fraud, deceit and misrepresentation.

## THIRD AFFIRMATIVE DEFENSE OF
## SETOFF

3.    Plaintiffs' claim is barred, should be reduced or setoff by the amounts in contributions, in excess of its obligation under the Maintenance Contractors Market Agreement effective March 1, 2005 through February 28, 2009, Defendant has paid Plaintiffs since May of 2006.

///

///

## FOURTH AFFIRMATIVE DEFENSE OF
## FAULT OF OTHERS

4.    The damages alleged by Plaintiffs herein were and are caused or contributed to by other parties, whether named and whether known to Defendant at this time. Defendant, therefore, is not liable for Plaintiffs' damages, alleged herein, or if it is found with any liability therefor, the amount in damages should be apportioned between Defendant and the responsible parties according to their respective percentages of fault.

WHEREFORE, Defendant prays for Judgment as follows:

1.    That Plaintiffs take nothing by way of their Complaint;

2.    That Judgment be rendered in favor of Defendant and against Plaintiffs;

3.    That Defendant be declared the prevailing party in this action and receive an award of attorney's fees, where authorized by statue or contract;

4.    That the court provide Defendant with other and further relief as it deems just and proper.

## COUNTERCLAIM

Defendant A&B MAINTENANCE, INC. ("A&B") counterclaims against Plaintiffs CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND ("Trust"), MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee ("Trustees") (collectively, "Plaintiffs") and alleges as follows:

///

## JURISDICTION

1.    The United States District Court is the proper jurisdiction for A&B'S counterclaim in that Plaintiffs seek to assert their rights under ERISA.

## VENUE

2.    Venue exists in the Northern District of the United States District Court because it is a district within which Plaintiffs conduct some of their business.  Venue in the Central District of the United States District Court is likewise proper because that is where A&B conducts all of its business, where all of the material witnesses (for both Plaintiffs and Defendant) reside, where all of A&B'S records and some of Plaintiffs' records pertaining to the claim and counterclaim are kept and where the alleged acts and omissions giving rise to this action would have occurred, if at all.

## FIRST CAUSE OF ACTION FOR FRAUD
## AGAINST ALL PLAINTIFFS

3.    A&B has been a party to a collective bargaining agreement with the Service Employees International Union, Local 1877, since around October 2005.  Plaintiffs maintain and administer the Union members health and welfare benefits.

4.    In or around May of 2006, David Stilwell, a representative of the Trust and self-described as an assistant to the "President" of the Trust's Board of Trustees, offered to discount A&B's monthly contributions to the Trust from $570.20 to $541.20 per covered employee in exchange for A&B's agreeing to a new collective bargaining

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

agreement with Plaintiffs. David Stilwell made the offer to A&B'S general manager Thomas Dunn in writing.

5.    The offer was conditioned upon Defendant expediting its acceptance of the new agreement on or before May 15, 2006.  Plaintiffs, through David Stilwell, represented to A&B that the promised discount would begin with the month of May 2006.

6.    Relying on Plaintiffs' representation, and in order to take advantage of the promised discount, Thomas Dunn did forego further negotiations of the terms for a new collective bargaining agreement and executed the Maintenance Contractors Market Agreement effective March 1, 2005 through February 28, 2009 ("Agreement") provided by Plaintiffs through David Stilwell.

7.    On May 14, 2006, Thomas Dunn caused the executed Agreement to be submitted to Plaintiffs' Southern California headquarters in Los Angeles, California.

8.    At the time that Plaintiffs made the aforesaid offer to A&B, through David Stillwell, Plaintiffs had no intention of honoring their offer.

9.    Plaintiffs made the aforesaid offer to A&B exclusively for the purpose of inducing A&B's execution of the Agreement by May 15, 2006.

10.    Plaintiffs have continued invoicing and charging A&B for its monthly contributions to the Trust at the rate of $570.20.

11.    Defendant's multiple requests that Plaintiffs fulfill their promise to discount the monthly contributions have been ignored.  Defendant, in an effort to carry out its

obligations under the Agreement, has continued to make contributions to the Trust at the rate or rates contained in Plaintiffs' monthly billing statements.

12.    Had Defendant known that Plaintiffs did not intend to keep their promise of a discounted contribution rate, Defendant would not have executed the Agreement within the time frame urged by Plaintiffs.

13.    Plaintiffs purposefully made the aforesaid representations to Defendant knowing the representations were false and that they did not intend to carry out their promise to discount A&B'S contribution rate.    Plaintiffs did so with malice and knowledge that their fraud/deceit will harm A&B financially.  Defendant is entitled to an amount in damages equal to the difference between its contributions made since May of 2006 and the contributions that it should have made had Plaintiffs used the discount rate along with an amount in damages sufficient to make an example of Plaintiffs.

## SECOND CAUSE OF ACTION FOR SETOFF
## AGAINST ALL DEFENDANTS

14.    A&B incorporates the allegations in paragraphs 1 through 11 of the Counterclaim as though fully set forth herein.

15.    Plaintiffs' refusal to carry their promise of the above-referenced discounted monthly contribution proximately resulted in overpayments of contributions toward the covered employees' health and welfare benefits.

16.    At all times relevant to the Complaint and the herein Counterclaim, Plaintiffs had, and continue to have, in place a policy and practice of refunding employers

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

for overpayments or what Plaintiffs call "improper payments," if said overpayments were made for a month during the last 12 months for which the employer was audited or tested by Plaintiffs.

17.    Under the refund policy adopted by Plaintiffs, A&B is entitled to offset any alleged underpayments or delinquencies against past overpayments it made to Plaintiffs as a result of Plaintiffs' refusal to carry out its promise to discount contributions owed by A&B.

## THIRD CAUSE OF ACTION FOR BREACH OF
## COLLECTIVE BARGAINING AGREEMENT
## AGAINST ALL DEFENDANTS

18.    Article XX, § A. of the Agreement states in pertinent part as follows:

"Any grievance or dispute concerning the interpretation or application of this Agreement may be submitted as a grievance, **but such a grievance need not be considered unless notice in writing is served upon the other party** setting forth the nature of the grievance. When such notification is served upon the other party, the following procedure **shall** be observed:...

1.    The Employer or his/her representative shall meet with a representative of the Union and attempt to resolve the issue in dispute; if then they are unable to resolve the dispute, it shall upon request of the moving party:

2.    Be referred to a committee composed of two representatives designated by the Union and two

representatives designated by the Employer; if this
committee is unable to resolve the dispute to the
satisfaction of both parties within five (5) days, the
moving party may:

  3. Submits grievance to an impartial arbitrator for arbitration.
In the event the parties are unable to agree upon the
Selection of an arbitrator…" (Emphasis added)

  19. A&B is informed and, based on that information, believes that on or about February 23, 2007, the Union Steward for Local 1877 members, Adolfo Gamez, filed a grievance against A&B, alleging, among other things that A&B has failed to timely or fully contribute to the health and welfare benefits of employees covered by the Agreement.

  20. A&B is further informed and, based thereon, believes that Adolfo Gamez also provided Plaintiffs with a list of the employees on whose behalf contributions had allegedly not been made by A&B.

  21. Plaintiffs did not notify A&B regarding said grievance.  In violation of and contravention with the afore-excerpted portion of the Agreement, Plaintiffs not only considered the grievance, but conducted an audit of A&B business records in August of 2007 and commenced the herein action against A&B in October 2007, in response to Mr. Gamez' grievance.  Due to Plaintiffs' defective service of the Complaint, A&B did not learn of the lawsuit until January 2007.  To date, A&B has not been provided with a copy of the grievance, assuming it is in writing.

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

22.    As a result of Plaintiffs' breach of the Agreement, A&B has been deprived of the due process for handling employee grievances which was a material consideration offered A&B in exchange for A&B's acceptance of the Agreement.

23.    The contractual due process rights, of which A&B has been deprived includes, among other things, its right to an informal meeting with Plaintiffs to resolve the grievance, a hearing before a special committee consisting of the parties' representatives and arbitration.

24.    As a proximate result of Plaintiffs' breach of the Agreement, as set forth above, A&B has incurred costs, expenses and attorney's fees in setting aside the partial default judgment entered against A&B, in responding to the Complaint and filing the herein Counterclaim, which could have been avoided had it had been notified of the grievance and given an opportunity to pursue informal resolution of the grievance.  A&B anticipates incurring additional costs, expenses and attorney's fees to defend itself against the herein Complaint.

WHEREFORE, A&B prays as for Judgment in its favor as follows:

**FIRST CAUSE OF ACTION FOR FRAUD**

1.    For compensatory damages, the exact amount of which will be proven at the time of trial.

2.    For an amount in damages in excess of compensatory damages which will serve to make an example of Plaintiffs.

///

3.    For cost of suit herein and any other relief which this court deems just and proper.

## SECOND CAUSE OF ACTION FOR A SETOFF

1.    For an amount to offset A&B's overpayment of employee benefits contributions, the exact amount of which will be proven at the time of trial.

2.    For cost of suit herein and any other relief which this court deems just and proper.

## THIRD CAUSE OF ACTION FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1.    For compensatory damages, the exact amount to be proven at the time of trial.

2.    For attorney's fees, where sanctioned by contract or statute.

3.    For cost of suit herein and any other relief which this court deems just and proper.

///

///

///

///

///

///

///

16

1

## **DEMAND FOR JURY TRIAL**

2

     A&B Maintenance, Inc., in its capacity as Defendant and Counter-claimant,

3

hereby demands jury trial.

4

5

6    Dated: February 20, 2008                     **MARTIN & MARTIN, LLP**

7

8                                     By: _____

9                                         Areva D. Martin, Esq.

10                                         Rosa M. Kwong, Esq.

11                                         Attorneys for Defendant and
Counterclaimant
A&B MAINTENANCE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3530 Wilshire Boulevard, Suite 1650, Los Angeles, California 90010.

On **February** _20_ , **2008**, I served the foregoing document described as **DEFENDANT A&B MAINTENANCE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM** on all interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Philip M. Miller, Esq.                      **(Via E-Mail to: pmiller@sjlawcorp.com and U.S. Mail)**
SALTZMAN & JOHNSON LC
120 Howard Street, Suite 520
San Francisco, California 94105

☑    **BY MAIL:** I am familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☑    **BY ELECTRONIC SERVICE:** I caused delivery of the above document to be sent to the person at the e-mail address listed above.

☐    **STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.**

☑    **FEDERAL**   I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on **February** _20_ , **2008**, at Los Angeles, California.

_Shontel Johnson_
Shontel Johnson