1  PHILIP M. MILLER (SBN 87877)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorneys for Plaintiffs

7  AREVA D. MARTIN (SBN 131397)
   ROSA KWONG (SBN 129811)
8  MARTIN & MARTIN, LLP
   35030 Wilshire Boulevard, Suite 1650
9  Los Angeles, CA 90010
   (213) 388-4747
10 (213) 385-5666 – Facsimile
   amrtin@martin-martin.net
11 rkwong@marting-martin.net

12 Attorneys for Defendant

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>    Plaintiffs,<br><br>vs.<br><br>A & B MAINTENANCE, INC., a California corporation,<br><br>    Defendant. | Case No.:   C 07-04945 TEH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       May 12, 2008<br>Time:       1:30 p.m.<br>Courtroom: 12, 19th Floor<br>            Hon. Thelton E. Henderson |

Plaintiffs, the California Service Employees Health & Welfare Trust Fund and its Trustees, jointly with Defendant, A & B Maintenance, Inc., in the above-entitled action submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.  Pursuant to Civil L.R. 16-10(d), the parties to the above-entitled

1  action certify that they met and conferred at least 10 days prior to the subsequent case
2  management conference scheduled in this case and jointly submit this Supplemental Case
3  Management Statement and Proposed Order and request the Court to adopt it as a Supplemental
4  Case Management Order in this case.

**JURISDICTION AND SERVICE**

6      1.    JURISDICTION: Plaintiffs assert and the Court has that jurisdiction over the
7  current claims asserted by the Plaintiffs under ERISA Section 502, 29 U.S.C. § 1132, in that the
8  Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the
9  acts and practices that allegedly violate ERISA, seek equitable relief to redress such violations,
10 and seek all other appropriate relief under ERISA. Plaintiffs also assert that jurisdiction exists by
11 virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that
12 the Plaintiffs seek to enforce the terms and conditions of Bargaining Agreement between the
13 employer and a labor organization.

14     2.    SERVICE: Plaintiffs state that Defendant A & B Maintenance, Inc. was served
15 with the original Complaint filed in this action on October 1, 2007.

16     3.    SERVICE: Defendant maintains it was never properly served with the Complaint
17 and did not become fully aware of the herein action until January of 2008.

**VENUE/APPROPRIATE FORUM**

19     4.    Plaintiffs assert that the Northern District of the USDC is the correct venue because
20 Plaintiffs either reside in or have their principal place of business in that District and the
21 Bargaining Agreement was consummated in that District.

22     5.    Defendant maintains that the proper venue is the Central District because, among
23 other things, Defendant's place of business, all of the witnesses and documentary evidence are in
24 the Central District, Los Angeles Division. Further, Defendant executed the Bargaining
25 Agreement and the alleged contractual breach occurred within the Central District. Defendant
26 intends to move this court for an order transferring this action to the Central District. 28 U.S.C.A.
27 1404.

28

**FACTUAL DESCRIPTION OF THE CASE**

6. Plaintiffs are the California Service Employees Health & Welfare Trust Fund ("the Fund"), a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. Section 186(c)), and its Trustees (collectively "Plaintiffs"). Defendant A & B Maintenance, Inc. ("Defendant") is an employer obligated to contribute to the Fund on behalf of its employees pursuant to successive Collective Bargaining Agreements ("Bargaining Agreement"). Plaintiffs' primary allegation asserts that based on the findings of an independent audit, covering the period October 1, 2005 through December 31, 2007, Defendant breached the Bargaining Agreement by underpaying contributions required due for hours worked by its employees who plaintiffs allege were covered by the Bargaining Agreement during this period. In addition to the claims based on the audit report, the Trust further alleges that during the period October 2005 through December 2007, Defendant breached the Bargaining Agreement by failing to make timely payments of contributions due and owing the Trust.

7. Defendant denies the allegations that it breached the Bargaining Agreement and disputes the audit findings and did file a counterclaim against Plaintiffs for fraud and for an offset on the grounds that Plaintiffs reneged on their promise to discount the contributions in exchange for Defendant's execution of the Bargaining Agreement in May 2006. Defendant has withdrawn the counterclaim without prejudice, though the facts underlying the counterclaim remain in dispute and Defendant reserves the right to restore the counterclaim by way of Motion or Stipulation in the course of this litigation.

8. The principal factual issues which the parties dispute are:

   a. Whether the Bargaining Agreement required Defendant to pay the Trust for certain of its employees based on the "original hire date" of the employees who had worked for any displaced employer, including Pacific Maintenance, immediately prior to becoming an employee of A & B Maintenance, Inc. during the period of October 1, 2005 through December 31, 2007;

b.  Whether certain employees who performed work described by the Bargaining Agreement worked at least 180 days entitling them health benefits;

c.  Whether certain employees who performed work described by the Bargaining Agreement performed at least 110 hours of work during certain months in dispute entitling them health benefits;

d.  Whether particular employees were non-union supervisors not entitled to any contributions to the Trust.

e.  What was the correct rate at which Defendant was obligated to pay the Trust for its employees are covered by the Bargaining Agreement.

9. The only known legal issue is whether venue is proper.

10. There are no other known factual or legal issues that remain unresolved.

11. All parties have been served.

12. None of the parties intend to name or join any additional parties.

13. The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**PRIOR AND PENDING MOTIONS**

14. On December 13, 2007, Plaintiffs filed a Motion for Default Judgment and Entry of Default, which was granted by the Court on December 21, 2007.  On January 24, 2008, the Parties Stipulated to Set Aside Entry of the Default and Default Judgment, which was entered as ordered on January 25, 2008.

15. No other motions have been filed or are pending, though Defendant intends to move under 28 U.S.C.A. §1404 to transfer this action to the Central District, Los Angeles Division.

**AMENDMENT OF PLEADINGS**

16. Plaintiffs do not anticipate that the pleading will need to be amended to add or dismiss parties, claims, or defenses.

17. The parties propose that the due date for amending the pleadings as set forth in the proposed schedule below.

4

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\Jnt CMC Stmt.doc     Case No.:  C 07-04945 TEH

**EVIDENCE PRESERVATION**

18. Plaintiffs have confirmed that the policy of the third-party administrator of the Trust, custodian of its records, is to send to storage, but not destroy, any documents pertaining to the Plaintiff Trust. Defendant confirms that it has taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**DISCLOSURES**

19. The parties certify that they have made the following disclosures:

    a. Plaintiffs will make their required initial disclosures on or before June 3, 2008.

    b. Defendant will make their required initial disclosures on or before June 3, 2008.

20. Plaintiffs' initial disclosures identified twenty-two (22) individual witnesses or categories of witnesses, identified twenty-four (24) categories of documentary evidence; provided a computation of damages as of the beginning of the case and disclosed that Plaintiffs did not maintain any insurance that would cover the claims asserted in the Complaint.

19. Defendant has not yet made its Initial Disclosures, but will do so by June 3, 2008.

**DISCOVERY**

21. No formal written discovery has yet been issued in this case.

22. The parties agree to the following discovery plan:

    a. Document Production: no limit on the document requests.

    b. Requests for Admissions: no limit on the requests for admissions.

    c. Interrogatories and depositions shall be limited as provided by the Federal Rules of Civil Procedure.

    d. Cut-off for fact discovery: see schedule below.

**RELATED CASES**

23. There are no known related cases.

///

///

**RELIEF**

24. Plaintiffs seek the following relief:

    a. Monetary Damages for unpaid contributions under ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

    b. Interest on unpaid contributions under ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B);

    c. Liquidated damages on unpaid contributions pursuant to ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C);

    d. Reasonable attorneys' fees and other costs (including accountants' fees) under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) to be determined.

    e. A preliminary and permanent injunction under ERISA Sections 502(a)(3), 29 U.S.C. § 1132(a)(3), and 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), against further violations and from disposing of any assets.

25. Defendant seeks affirmative relief pursuant to its affirmative defenses

**SETTLEMENT ALTERNATIVE DISPUTE RESOLUTION**

26. The parties jointly believe that the issue in this case may be able to be resolved through either informal or formal settlement.

27. The parties have agreed to non-binding mediation. The parties have filed a Stipulation and Proposed Order Selecting non-binding mediation as the ADR process in this case.

28. The parties intend to file a Notice of Need for ADR Phone Conference.

**CONSENT TO MAGISTRATE JUDGE**

29. Plaintiffs previously declined to consent to assignment of this case to a United States Magistrate Judge for trial and disposition.

**NARROWING OF ISSUES**

30. The parties are working to narrow the issues.

**EXPEDITED SCHEDULE**

31. This case is not appropriate for an expedited schedule.

## SCHEDULE

32. The parties propose the following case scheduling order:

| | | |
|---|---|---|
| (1) | Defendant's Motion for Transfer to Central District to be filed by | 6/01/08 |
| (2) | Opposition to Motion to Transfer filed by | 6/16/08 |
| (3) | Reply to Opposition in Motion to Transfer by | 6/23/08 |
| (4) | Motion to Transfer to Central District to be heard by | 7/07/08 |
| (5) | ADR session to be held by: | 9/05/08 |
| (6) | Dispositive motion to be filed by: | 10/24/08 |
| (7) | Opposition to any dispositive motion to be filed by: | 11/07/08 |
| (8) | Reply to any opposition to any dispositive motion to be filed by: | 11/18/08 |
| (9) | All dispositive motions to be heard on or before: | 12/01/08 |
| (10) | Any amendment of the pleadings to be filed by: | 1/09/09 |
| (11) | Disclosure of identities and reports of expert witnesses: | 1/30/09 |
| (12) | Completion of Fact Discovery: | 3/09/09 |
| (13) | Completion of Expert Discovery: | 3/23/09 |
| (14) | Pretrial Conference | 4/17/09 |
| (15) | Trial to begin on: | 5/18/09 |

## TRIAL

33. Plaintiffs have not demanded jury trial; Defendant demanded jury trial in conjunction with the answer and counterclaim, filed February 20, 2008.

34. Neither party made a timely application for a jury trial.

35. The parties expect that the trial will last for the following number of days: 5 to 7.

///
///
///
///

7

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\Jnt CMC Stmt.doc    Case No.:  C 07-04945 TEH

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

36.   As required by Civil Local Rule 3-16, Plaintiffs filed a "Certification of Interested Entities or Persons" on January 29, 2008, which disclosed "that union employees of Defendant A & B Maintenance, Inc., too numerous to list, who were employed during October 1, 2005 through December 31, 2007 could have a financial interest in the subject matter in controversy."

Respectfully submitted,

Date:  May 5, 2008               SALTZMAN & JOHNSON LAW CORPORATION
                                 Philip M. Miller
                                 Kristen McCulloch


                                 By: _____/S/_____
                                     Kristen McCulloch,
                                     Attorneys for Plaintiffs

Dated: May 5, 2008               Martin & Martin, LLP
                                 Areva D. Martin


                                 By: _____/S/_____
                                     Areva D. Martin,
                                     Attorneys for Defendant

8

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\Jnt CMC Stmt.doc     **Case No.:  C 07-04945 TEH**

1     CASE MANAGEMENT ORDER

2         The Case Management Statement and Proposed Order is hereby adopted by the

3 Court as the Case Management Order for the case and the parties are ordered to comply with this

4 Order. In addition the Court orders:

| | | | |
|---|---|---|---|
| (1) | Defendant's Motion for Transfer to Central District to be filed by | 6/01/08 | __/__/__ |
| (2) | Opposition to Motion to Transfer filed by | 6/16/08 | __/__/__ |
| (3) | Reply to Opposition in Motion to Transfer by | 6/23/08 | __/__/__ |
| (4) | Motion to Transfer to Central District to be heard by | 7/07/08 | __/__/__ |
| (5) | ADR session to be held by: | 9/05/08 | __/__/__ |
| (6) | Dispositive motion to be filed by: | 10/24/08 | __/__/__ |
| (7) | Opposition to any dispositive motion to be filed by: | 11/07/08 | __/__/__ |
| (8) | Reply to any opposition to any dispositive motion to be filed by: | 11/18/08 | __/__/__ |
| (9) | All dispositive motions to be heard on or before: | 12/01/08 | __/__/__ |
| (10) | Any amendment of the pleadings to be filed by: | 1/09/09 | __/__/__ |
| (11) | Disclosure of identities and reports of expert witnesses: | 1/30/09 | __/__/__ |
| (12) | Completion of Fact Discovery: | 3/09/09 | __/__/__ |
| (13) | Completion of Expert Discovery: | 3/23/08 | __/__/__ |
| (14) | Pretrial Conference | 4/17/09 | __/__/__ |
| (15) | Trial to begin on: | 5/18/09 | __/__/__ |

It is so ordered:

Dated: _____

    The Honorable THELTON E. HENDERSON
    UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On May 5, 2008, I served the following document on the parties to this action, addressed as follows, in the manner described below:

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**

XX   **MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared.

*Addressed to:*

Areva D. Martin
Rosa Miu-Ching Kwong
Martin & Martin, LLP
3530 Wilshire Blvd. Suite 1650
Los Angeles, CA 90010-2313

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 5th day of May, 2008 at San Francisco, California.

/S/
Julie Jellen

P:\CLIENTS\CSEHT\Cases\A&B Maintenance\PLEADINGS\Jnt CMC Stmt.doc.doc    Case No.: C 07-04945 TEH